IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HOVANAS, and,<br>JAMES MACALLA | § § § § | |
| Plaintiffs, | § § | |
| vs. | § | CIVIL ACTION NO. 3-09CV0209-B |
| AMERICAN EAGLE AIRLINES, INC., | § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND BRIEF IN SUPPORT THEREOF**

COMES NOW, Defendant American Eagle Airlines, Inc, (hereinafter "American Eagle" or "Defendant") and files its Motion to Transfer Venue for the Convenience of the Parties and Witnesses pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District, Fort Worth Division and would respectfully show as follows:

**I.   INTRODUCTION**

Plaintiffs James Hovanas and James MacAlla bring the instant action for wrongful termination in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA"). Clerk's Dkt No. 1 at ¶ 1. Plaintiff's brought their action in the Dallas Division of the Northern District of Texas despite the fact that: a) no Plaintiff resides in the Dallas Division; b) defendant's principle pace of business is not located in the Dallas Division; c) none of the lawyers representing any party resides in the Dallas Division; d) the relevant documents, material and information relevant to this suit are not located in the Dallas Division; and none of the alleged wrongs nor decisions that precipitated those alleged wrongs occurred in the Dallas Division.

This case should be transferred to the Fort Worth Division because: 1) Defendant is headquartered in the Fort Worth Division; 2) the only Plaintiff residing in the Northern District of Texas resides in the Fort Worth Division[1]; 3) the witnesses that Defendant would likely call at trial reside and/or work in the Fort Worth Division; 4) the policies of American Eagle are formulated in the Fort Worth Division; 5) access to sources of proof such as employment and business records are all located in the Fort Worth Division; 6) all or a substantial part of the events giving rise to Plaintiffs' lawsuit occurred in the Fort Worth Division; and 7) the Texas attorney's representing all of the parties reside in the Fort Worth Division. For the convenience of the parties and witnesses, this Court should grant American Eagle's Motion to Transfer Venue and transfer this case to the Fort Worth Division of the United States District Court for the Northern District of Texas. *See Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, *2 (N.D. Tex. Dec. 27, 2007) (transferring discrimination action from the Dallas Division to the Fort Worth Division for the convenience of parties and witnesses) (Boyle, J.).

## II.  STANDARD OF REVIEW

Title 28 United States Code section 1404(a) provides that a court, " for the convenience of parties and witnesses, in the interest of justice, . . . may transfer any civil action to a district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense..." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The district court "has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). In determining whether to transfer a case pursuant to Section 1404(a), the first question for the

---

[1] Plaintiff MacAlla resides in Denton County which is in the Eastern District of Texas. Clerk's Dkt No. 1 at ¶ 6; 28 U.S.C. § 124(a).

court is whether the judicial district to which the transfer is sought is a district in which the claim could have originally been filed. *In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003), *cert. denied*, 540 U.S. 1049 (2003)).

The second question in the Section 1404(a) analysis concerns whether the transfer advances the convenience of the parties and witnesses, and serves the interest of justice. *In re Volkswagen*, 371 F.3d at 203. The answer turns on a number of private and public interest factors, no one of which is given dispositive weight. *Id.* The private concerns are: "(1) relative ease of access to sources of proof; (2) availability of compulsory process to secure the attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public concerns are: "(1) administrative difficulties flowing from court congestion; (2) local interest in having localized issues decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of law of the application of foreign law." *Id.* Plaintiff's choice of forum is usually a factor to be considered, but not when the case has no connection to the venue chosen. *In re Horseshoe*, 337 F.3d at 432; *Martinez v. City of Fort Worth*, 2003 WL 21289654 at *1 (N.D. Tex. 2003). In the subject suit, the balance of factors militates in favor of transfer to the Fort Worth Division.

A.   **The Action Could Have Properly Been Brought in the Fort Worth Division.**

The threshold determination for transferring an action under Section 1404(a) is a determination that the action could have initially been brought in the division to which transfer is proposed. To establish this, the defendant must show: (1) that it resides in the alternate forum or; (2) that the events giving rise to the plaintiff's claim occurred in the alternate forum. 28 U.S.C. § 1391(b); *Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, *2 (N.D. Tex. Dec. 27, 2007) (Boyle, J.). A defendant that is a corporation has its residence where it has its principal place of business

or where it is incorporated. *See* 28 U.S.C. § 1391(c); 28 U.S.C. § 1332(c)(1). American Eagle maintains its worldwide corporate headquarters in the Fort Worth Division and American Eagle transacts business in the Fort Worth Division. Ex. A ¶¶ 3, 7. Plaintiffs both worked at American Eagle's Training Center that is located in the Fort Worth Division. Ex. A ¶ 7. The only Plaintiff that even resides in the Northern District of Texas (Hovanas) resides in Granbury, Texas. Clerk's Dkt No. 1 ¶ 5. Granbury is in Hood County and Hood County is in the Fort Worth Division. *See* Clerk's Dkt No. 1 (Civil Cover Sheet); 28 U.S.C. § 124(a)(2).

Clearly, this action could have been properly brought in the Fort Worth Division. *See Calloway*, 1997 WL 209295 at *4 (transferring employment discrimination action from the Dallas Division to the Fort Worth Division where defendant had its corporate office in the Fort Worth Division) (Boyle, J.) Having determined that the action could have properly been brought in the Fort Worth Division, the Court should consider a variety of factors and balance those factors to determine whether transfer is appropriate. The balance of factors in the subject suit weighs in favor of transfer to the Fort Worth Division.

**B.    Access to Sources of Proof.**

Virtually all of the tangible evidence relevant in this case is located in the Fort Worth Division. American Eagle's relevant files, payroll records, personnel policies and procedures (including employee handbooks and policies related to hiring, Equal Employment Opportunity and antidiscrimination policies and company rules) were formulated and are located and maintained in the Fort Worth Division. Ex. A ¶ 4. The Collective Bargaining Agreement between ALPA and American Eagle referenced in Plaintiffs' Complaint was both negotiated and executed in the Fort Worth Division. Clerk's Dkt No. 1 at ¶ 32; Ex. A ¶ 4. Those records of American Eagle that are potentially germane to this dispute are located in the Fort Worth Division. Ex. A ¶ 4. Therefore, this factor weighs in favor of transfer.

C. **Availability of Process to Compel the Presence of Unwilling Witnesses.**

Another factor considered by the courts when balancing a motion to transfer is the availability of process to compel the presence of unwilling witnesses. *See Gundle Lining Construction Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex.1994). In this respect, Defendant's witnesses either reside and/or work within the Northern District of Texas. Exhibit A ¶ 5. Therefore, they may be served with a subpoena under Federal Rule of Civil Procedure 45(b)(2). However, since the majority of witnesses reside and/or work in the Fort Worth Division, the cost of attendance for these potential witnesses would be unnecessarily inflated if this case were tried in the Dallas Division. Ex. A ¶ 5. Thus, this factor weighs in favor of transfer. *Gundle,* 844 F. Supp. at 1165.

D. **Cost of Attendance for Witnesses and Parties.**

The most important factor in determining whether a motion to transfer venue should be granted is the availability and convenience of witnesses and parties. *Bevil v. Smit Americas, Inc.* 993 F. Supp. 168, 170 (S.D. Tex. 1995); *Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401-92 (N.D. Tex. 1984). Based on Plaintiffs' allegations in the Complaint, there is no reason to believe any potential witnesses reside in Dallas. Neither of the Plaintiffs reside in the Dallas Division. Clerk's Dkt No. 1 at ¶¶ 5-6.

Likewise, American Eagle has no Dallas County-based employees. Ex. A ¶ 5. The nature of Plaintiffs' claims would likely implicate persons employed in American Eagle's Training, Employee Relations, and Human Resources Departments, all of which are located in the Fort Worth Division. Ex. A ¶ 5. Those of Plaintiffs' co-workers and supervisors who have knowledge of Plaintiffs' job performance and the events leading to the displacement of Plaintiffs' employment work in the Fort Worth Division. Ex. A ¶ 5. Indeed, the only American Eagle employee specifically named in Plaintiffs' Complaint, other than the Plaintiffs, is Allen

**DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND BRIEF IN SUPPORT THEREOF** – Page 5

1021203_1

Hill, an employee of the American Eagle Training Department. Ex. A ¶¶ 1, 5. Allen Hill works and resides in the Fort Worth Division. Ex. A ¶¶ 2, 5, 7. All of the potential witnesses who might have knowledge relevant to Plaintiffs' claims reside and/or work in the Fort Worth Division. Ex. A ¶ 5.

Additionally, as explained in Defendant's Motion to Dismiss filed contemporaneously herewith, the Air Line Pilots Association, International ("ALPA"), the Union that filed the grievance on Plaintiffs' behalf, is an indispensable party to this action. Like American Eagle, ALPA maintains its principal office in Herndon, Fairfax County, Virginia. Ex. A ¶ 6. ALPA American Eagle maintains its office in Euless, Tarrant County, Texas. Ex. A ¶ 6. Thus, all ALPA employees with knowledge pertinent to this lawsuit work in either Fairfax County, Virginia or Tarrant County, Texas. Ex. A ¶ 6. Upon information and belief, ALPA does not maintain an office in Dallas County. Ex. A ¶ 6. Keeping this lawsuit in the Dallas Division would inconvenience the witnesses in this dispute and cause them to incur needless travel expenses to testify. Accordingly, this factor weighs in favor of transfer to the Fort Worth Division.

### E. All Other Practical Problems.

#### 1. Location of the Alleged Wrongdoing.

Plaintiffs do not allege that any of the events giving rise to the lawsuit occurred in the Dallas Division. Plaintiffs' Complaint complains of incidences that allegedly occurred during their employment at American Eagle's Training Center located in the Fort Worth Division. Clerk's Dkt No. 1 at ¶¶ 8-38; Ex. A ¶ 7. The purported protected activities Plaintiffs claim to have engaged in (e.g., participating as a witness in an investigation and filing a grievance) all occurred in the Fort Worth Division. Ex. A ¶ 7. All decisions regarding Plaintiffs' employment, including the decision to displace Plaintiffs from their employment, were made in American

Eagle's Training Department located in the Fort Worth Division. Ex. A ¶ 7. Moreover, Plaintiffs were informed in the Fort Worth Division of their displacement from American Eagle's Training Department. Ex. A ¶ 7. No part of the alleged wrongful discharge that forms the basis of Plaintiffs' case occurred in the Dallas Division. Ex. A ¶ 7. All or a substantial part of the events giving rise to Plaintiffs' lawsuit occurred in the Fort Worth Division. Ex. A ¶ 7. Accordingly, this case should be transferred to the Fort Worth Division.

### 2. Possibility of Delay and Prejudice if Transfer is Granted.

No delay or prejudice will occur in the event this action is transferred to the Fort Worth Division. No substantive proceedings have been held in the Dallas Division and no discovery has been conducted in the Dallas Division. Thus, the possibility of delay does not weigh against transfer and the parties are not likely to be prejudiced by transfer to the Fort Worth Division. *See Lacefield v. Lockheed Martin Corp.*, 1997 WL 209295, *2 (N.D. Tex. Apr. 21, 1997) (action transferred from the Dallas Division to the Fort Worth Division where no substantive proceedings or discovery had been conducted in the Dallas Division).

### H.    **Local Interest.**

American Eagle's worldwide corporate headquarters is located in Tarrant County, which falls under the Fort Worth Division. Ex. A ¶ 3. Plaintiffs complain of alleged wrongdoing that occurred during their employment at American Eagle's Training Center located in the Fort Worth Division. Clerk's Dkt No. 1 at ¶¶ 13, 19-23; Ex. A ¶ 7. Additionally, every witness listed in Plaintiff's Complaint that resides in the Northern District of Texas resides in the Fort Worth Division –not the Dallas Division. Ex. A ¶ 5. The Dallas Division has little, if any, interest in deciding this case. On the other hand, because this case deals with its corporate resident and its individual resident Plaintiff Hovanas, the Fort Worth Division has a greater interest in protecting involved parties in this litigation. This factor weighs strongly in favor of transfer.

### I. Familiarity with Governing Law and Avoidance of Unnecessary Conflict of Laws.

American Eagle seeks transfer of venue between divisions within the Northern District of Texas. The same law applies in the Dallas and Fort Worth Divisions. Thus, both divisions are equally familiar with governing law and no conflict of laws exists. Thus, this factor is neutral in deciding whether transfer of venue is proper.

### J. Plaintiff's Choice of Forum.

Generally, a plaintiff's choice of forum is entitled to some deference under the Section 1404(a) analysis. *Peteet v. Dow Chemical Company*, 868 F.2d 1428, 1436 (5th Cir. 1989), *cert. denied*, 439 U.S. 935 (1989). However, "in and of itself it is neither conclusive nor determinative," and is afforded minimal deference when the chosen forum has little or no connection to the case. *In re Horseshoe*, 337 F.3d 434; *Martinez*, 2003 WL 21289654 at *1.

Judge Lynn's opinion in *Martinez* is particularly instructive here. In *Martinez*, the defendant asked the Court to transfer the plaintiff's discrimination case to the Fort Worth Division under Section 1404(a) by placing "primary emphasis on the location of witnesses, documents, and events, while discounting [the plaintiff's] choice of forum." 2003 WL 21289654 at *2. The defendant countered that "the convenience factors, especially in light of the fact that travel from Fort Worth to Dallas is not like 'traveling to wilds of Alaska,' do not outweigh the strong deference a Court should give to a plaintiff's choice of forum." *Id*. The Court transferred the case, explaining that "where, as here, neither party resides in Dallas, and the location of the defendants, witnesses, and evidence, as well as the locus of operative facts, all point to a different venue, the plaintiff's original choice of forum is entitled to little weight." *Id*. (citing *Cooper v. Pied Piper Mills, Inc.*, 1998 WL 713270 (N.D. Tex. Oct. 5, 1998) (Fitzwater, J.); *Keystone Consol. Indus., Inc. v. Parker-Hannifin Corp.*, 1997 WL 102474, at *2 (N.D. Tex. Feb.

27, 1997) (Fish, J.); *Greiner v. Am. Motors Sales Corp.*, 645 F. Supp. 277, 279 (E.D. Tex. 1986); *Coons v. Am. Horse Show Assoc., Inc.*, 533 F. Supp. 398, 400 (S.D. Tex. 1982)).

As explained above, none of the parties reside in the Dallas Division. The location of the witnesses, evidence, and locus of operative facts all point to venue in the Fort Worth Division. Consequently, Plaintiffs' decision to file this case in Dallas merits no consideration. Accordingly, American Eagle's Motion to Transfer should be granted and this case should be transferred to the Fort Worth Division of the Northern District of Texas.

WHEREFORE PREMISES CONSIDERED, American Eagle respectfully requests that this Court grant its Motion to Transfer Venue and transfer this case to the United States District Court for the Northern District of Texas, Fort Worth Division and award it such additional and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Russell D. Cawyer
Russell D. Cawyer
State Bar No. 00793482
Paige P. Biggs
State Bar No. 24037810
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: 817/332-2500
Telecopy: 817/878-9280

**ATTORNEYS FOR DEFENDANT AMERICAN EAGLE AIRLINES, INC.**

**DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND BRIEF IN SUPPORT THEREOF – Page 9**

1021203_1

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Zoe Courtney, counsel for Plaintiffs, regarding the relief requested in this Motion on February 27, 2009. Plaintiffs' counsel indicated that she opposed the Motion. Therefore, it is submitted to the Court for consideration.

/s/ Russell D. Cawyer
Russell D. Cawyer

## CERTIFICATE OF SERVICE

On March 11, 2009, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Russell D. Cawyer

**DEFENDANT'S MOTION TO TRANSFER VENUE FOR THE CONVENIENCE OF PARTIES AND WITNESSES AND BRIEF IN SUPPORT THEREOF – Page 10**

1021203_1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HOVANAS, and, JAMES MACALLA | § § § | |
| Plaintiffs, | § § | |
| vs. | § | CIVIL ACTION NO. 3-09CV0209-B |
| AMERICAN EAGLE AIRLINES, INC., | § § § | |
| Defendant. | § § | |

## DECLARATION OF ALLEN HILL

1. "My name is Allen Hill. I am over eighteen (18) years of age, am of sound mind and am competent to make this declaration. The facts stated herein are within my personal knowledge and are all true and correct.

2. "I am employed as the Director of Flight Training by American Eagle Airlines, Inc. ("American Eagle"). I reside in Tarrant County, Texas.

3. "American Eagle maintains its worldwide corporate headquarters at 4333 Amon Carter Blvd., Fort Worth, Texas 76155. This corporate headquarters facility is located in Tarrant County, Texas.

4. "American Eagle's relevant files, payroll records, personnel policies and procedures (including employee handbooks and policies related to hiring, Equal Employment Opportunity and antidiscrimination policies and company rules) were formulated in Tarrant County, Texas, and are located and maintained in Tarrant County, Texas. Specifically, the Collective Bargaining Agreement between ALPA and American Eagle referenced in Plaintiffs' Complaint was both negotiated and executed in Tarrant County, Texas. Those records of American Eagle that are potentially germane to this dispute are located in Tarrant County, Texas.

5. "American Eagle has no Dallas County-based employees. The nature of Plaintiffs' claims would likely implicate persons employed in American Eagle's Training, Employee Relations, and Human Resources Departments, all of which are located in Tarrant County, Texas. Those of Plaintiffs' co-workers and supervisors who have knowledge of Plaintiffs' job performance and the events leading to the displacement of Plaintiffs' employment work in Tarrant County, Texas. Indeed, the only American Eagle employee specifically named in Plaintiffs' Complaint, other than the Plaintiffs, is myself. I reside in Colleyville, Tarrant County, Texas. All of the potential witnesses of which I am currently aware of reside and/or work in Tarrant County, Texas.

6. "The Air Line Pilots Association, International ("ALPA") maintains its principal office in Herndon, Fairfax County, Virginia. ALPA American Eagle MEC maintains its office in Euless, Tarrant County, Texas. Thus, all ALPA employees with knowledge pertinent to this lawsuit work in either Fairfax County, Virginia or Tarrant County, Texas. I am not aware of any ALPA office located in Dallas County.

7. "Plaintiffs' Complaint complains of incidences that allegedly occurred during their employment at American Eagle's Training Center located in Tarrant County, Texas. The purported protected activities that Plaintiffs claim to have engaged in (*e.g.*, participating as a witness in an investigation and filing a grievance) all occurred in Tarrant County, Texas. All decisions regarding Plaintiffs' employment, including the decision to displace Plaintiffs from their employment, were made in American Eagle's Training Department located in Tarrant County, Texas. Moreover, Plaintiffs were informed in Tarrant County, Texas of their displacement from American Eagle's Training Department. No part of the alleged wrongful discharge that forms the basis of Plaintiffs' case occurred in Dallas County. All or a substantial part of the events giving rise to Plaintiffs' lawsuit occurred in Tarrant County, Texas.

**DECLARATION OF ALLEN HILL** Page 2
**EXHIBIT A**
1029629_1

Page 3

8. "Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct."

Executed on March 09, 2009.

_____
Allen Hill