IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES HOVANAS, and<br>JAMES MACALLA,<br><br>       Plaintiffs,<br>   vs.<br><br>AMERICAN EAGLE AIRLINES, INC.,<br><br>       Defendant. | CASE NO.  3:09-cv-0209 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

COMES NOW, Plaintiffs James Hovanas and James MacAlla ("Plaintiffs"), through their undersigned counsel, and file their Brief in Opposition to Defendant American Eagle Airlines, Inc.'s (hereinafter "American Eagle" or "Defendant") Motion to Transfer Venue for the Convenience of the Parties and Witnesses Pursuant to 28 U.S.C. § 1404(a).

**I.      INTRODUCTION**

Plaintiffs, long-time pilots and flight trainers of American Eagle, have filed this instant civil action against their former employer alleging age discrimination, and retaliation in violation of federal and state laws.  Plaintiffs seek damages for the unlawful actions of American Eagle in discriminating against its senior employees, and subsequently retaliating against them for protesting such practices.

**II.      FACTUAL BACKGROUND**

Defendant American Eagle's headquarters is located in Fort Worth, Texas.  Def. Brief p:4.  Plaintiff Hovanas lives in Granbury, Texas, which as Defendant correctly

1

points out is located in Hood County, and within the jurisdiction of the Fort Worth Division of the Northern District of Texas.  *Id.*  Defendant fails to mention, that the other Plaintiff, James MacAlla – resides in Lewisville, Texas.  Lewisville is located in Denton County, which falls under the jurisdiction of the Eastern District of Texas.  Lewisville is approximately 26 miles away from the U.S. District Court for the Dallas division and about 37 miles away from the Fort Worth federal courthouse.  Obviously it would be more convenient for Plaintiff MacAlla to have his case litigated in the Dallas division.

Defendant goes into detail describing the sources of proof, the place of injury, and the location of witnesses and the parties, conjuring up costs involved with travel and obtaining witness testimony should the case not be transferred to Fort Worth.  But the exaggerated description of inconvenience and inflated costs is nothing but a hyperbole to support an innately weak Motion to Transfer.

The distance between the U.S. District Courthouses in Dallas and Fort Worth is a mere 32 miles.  *Doe v. American Airlines, Inc.*, 2005 U.S. Dist. LEXIS 18721, at *14 (N.D. Tex., Aug. 31, 2005).   Plaintiffs' former place of employment immediately prior to termination – the American Airlines Flight Academy is just a "few miles south" of the Dallas-Fort Worth International Airport ("DFW Airport").
http://www.aa.com/content/amrcorp/corporateInformation/facts/amr.jhtml (last checked Mar. 31, 2009).  DFW Airport straddles Tarrant County and Dallas County and it is located halfway between the cities of Dallas and Fort Worth.
http://www.dfwairport.com/mediasite/pdf/07/02/070206-Record-Cargo-year1.pdf (last checked Mar. 31, 2009).

While American Airlines headquarters, which has the same address as the Flight Academy, is technically in Tarrant County and in the Fort Worth division, it is actually closer to the federal courthouse in Dallas. *Doe*, 2005 U.S. Dist. LEXIS 18721 at *10. Finally, while the only named non-party witness, Allen Hill, resides in Colleyville in Tarrant County, the city of Colleyville is only approximately 10 miles further from Fort Worth courthouse than the Dallas courthouse. *See generally* http://maps.google.com.

Defendant's facts cannot sustain its claim that Fort Worth is a more convenient forum and that the interest of justice is better served by a transfer.

### III. ARGUMENT

#### a. *Standard of Review*

For the convenience of the parties and witnesses, and in the interest of justice, a district court has plenary discretion to transfer any civil action to any other district or division where the action may have been brought originally. 28 U.S.C. §1404(a)(2009). However, it is the moving party that shoulders the burden of demonstrating to the Court that such transfer is warranted. Defendant must establish that private interest and public interest factors all weigh in favor of a transfer to a forum other than the one chosen by the Plaintiffs. Defendant American Eagle has failed to meet this burden as it has shown no evidence that such transfer is necessary.

When ruling on a motion to transfer venue, the Court must first decide whether the civil action might have been brought in the division or district to which transfer is sought. 28 U.S.C. § 1404 (2009). *See also Thomas v. City of Fort Worth*, 2008 U.S. Dist. LEXIS 71544 (N.D. Tex. Sept. 15, 2008). Plaintiffs do not dispute that Fort Worth could have been an appropriate *division* where the instant action could have commenced

as the Defendant's corporate headquarters is located in that *division*.  *See* Def. Brief p:4.  Thus, the Court must resolve whether an *intradistrict* transfer is required.

To successfully transfer a case from its original venue, Defendant must demonstrate that the Fort Worth Division is "clearly more convenient" than the Dallas Division.  *Thomas*, 2008 U.S. Dist. LEXIS 71544, at *5.  In evaluating a motion to transfer, the Court must consider the following eight private and public interest factors: 1) the convenience of the parties; 2) the convenience of material witnesses; 3) the availability of process to compel the presence of unwilling witnesses; 4) the cost of obtaining the presence of witnesses; 5) the relative ease of access to sources of proof; 6) calendar congestion; 7) where the events in issue took place; and 8) the interests of justice in general.  *Salinas v. O'Reilly Automotive*, 358 F. Supp. 2d 569, 571-2 (N.D. Tex. 2005) (*citing Wolf Designs v. Donald McEvoy Ltd., Inc.,* 355 F. Supp. 2d 848 (N.D. Tex. 2005)).  Not one of these factors is given dispositive weight.  *In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004).

After considering the above-enumerated grounds, if "the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed."  *In re Volkswagen of Am. Inc.,* 506F.3d 376, 380 (5th Cir. 2007).  28 U.S.C. § 1404 is to be applied on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964).  Defendant has failed to show how the Fort Worth Division is "clearly more convenient" than the Plaintiffs' choice of forum and thus has not met its burden to warrant a transfer.

### *b. Defendant Has Failed to Show That Ft. Worth Division Is Any More Convenient Than the Dallas Division for Parties and Witnesses*

American Eagle's headquarters and the Flight Academy are located at 4333 Amon Carter Boulevard, Fort Worth, Texas. Exh. A to Def. Brief. ¶4. Interestingly, while the address provided is technically in Tarrant County and within the Fort Worth division, it is actually a little less than four miles *closer* to the Dallas federal courthouse than it is to the Fort Worth courthouse. *Doe v. American Airlines, Inc.*, 2005 U.S. Dist. LEXIS 18721, at *10 (N.D. Tex., Aug. 31, 2005). The overarching factor to consider in a transfer analysis is *convenience*, not whether a location falls within pre-designated county lines. As previously stated, Plaintiff MacAlla resides closer to the Dallas courthouse than to the Fort Worth courthouse. Defendant, while headquartered in Fort Worth, is geographically closer to Dallas federal court than to its counterpart in Fort Worth. The one known non-party witness, Mr. Hill, would not be greatly inconvenienced by having to travel 11 miles to go to the courthouse in Dallas. Furthermore, potential witnesses could be working either at the American Eagle headquarters, the Flight Academy, or possibly at the DFW Airport. It is only logical that these witnesses may need to make an appearance during normal working hours – and as such – having the trial or a hearing at the Dallas courthouse would be a more convenient choice. *See Doe v. American Airlines*, 2005 U.S. Dist. LEXIS 18721 (N.D. Tex., Aug. 31, 2005).

### *c. Due to the Close Proximity Between the Federal Courthouses in Fort Worth and Dallas, There is No Material Difference In Accessing Sources of Proof.*

Defendant states that sources of proof for this case are within the records and documents kept in Tarrant County. Def. Brief p: 4. The Flight Academy and the Defendant's headquarters are in Tarrant County. Since the Flight Academy and the

American Eagle headquarters are actually closer to the Dallas courthouse, technically the transportation of large sets of records would be easier if the case was litigated in Dallas versus in Fort Worth. But given the small difference in distance and the advanced technology of copying, producing and locating documents – there is really no material difference between the Dallas and the Fort Worth division. Thus, this factor should weigh against transferring this case. *See IBEW-NECA Southwestern Health & Benefit Fund v. B&J Purchasing Services, Inc.*, 2006 U.S. Dist. LEXIS 4969 (N.D. Tex., Feb. 9, 2006)(denying motion to transfer noting that the costs associated with locating, copying and sending relevant documents is essentially the same whether the case is tried in Dallas or in Fort Worth, even if the majority of the relevant documents are located in Tarrant County).

### d. *There Are No Other Factors of Public or Private Interest That Necessitate a Transfer to Fort Worth.*

There are a number of other factors that the Court should consider, but in this case they should have no impact on its decision, as none of these factors favor a transfer. These miscellaneous factors include compelling witness presence, court congestion, and familiarity of the forum with the law. Compelling the presence of unwilling witnesses is not a consideration because both Fort Worth and Dallas are divisions within the Northern District. Under the federal rules, compulsory process may be secured with a subpoena. *See* Fed. R. Civ. P. 45(b)(2). Thus, this should not be a factor in favor of a transfer.

It is impossible at this point to determine the level of complexity of each case assigned to each judge in Dallas and in Fort Worth, and thus, courts have generally considered this factor to be a neutral factor. Finally, as the Plaintiffs allege violation of a federal statute and a Texas statute, familiarity with these laws should not be an issue.

None of these miscellaneous factors demonstrate that a transfer is warranted. The Plaintiffs' choice of forum, while not given "decisive weight," is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party. *Jennings v. Contract Consultants*, 2008 U.S. Dist. LEXIS 28975, at*8 (N.D. Tex., Apr. 8, 2008). Defendant has failed to show that this scale tilts in favor of a transfer to Fort Worth, and thus, the Plaintiffs' choice of forum should not be disturbed.

## IV.   CONCLUSION

As the Court of Appeals noted in *Jarvis Christina Coll. V. Exxon Corp.*, "[t]his case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States." 845 F.2d 523, 528 (5th Cir. 1988). The distance between the courthouses in Dallas and Fort Worth is roughly 32 miles. Defendant has not met its burden in demonstrating any precipitating factors that would justify transferring the instant action to the Fort Worth division. Plaintiffs respectfully request that the Court deny Defendant American Eagle's Motion to Transfer Venue.

Dated: March 31, 2009                                   Respectfully submitted,

s/Kathy Bailey_____
Kathy Bailey (admitted *Pro Hac Vice*)
**BAILEY LAW GROUP, P.C.**
1615 L Street, NW, Suite 1350
Washington, DC  20036
(202) 887-8040 (phone)
(202) 887-8044 (fax)
Kbailey@baileylawgroup.com
*Lead Counsel for Plaintiffs*

Zoe Courtney (Bar No. 04897500)
**LAW OFFICES OF ART BRENDER**
600 Eighth Avenue

        Fort Worth, Texas 76104
        Telephone: (817) 334-0171
        Facsimile: (817) 334-0274
        Email: brenderlawfirm@artbrender.com
        *Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2009, a true and correct copy of the foregoing Motion for Withdrawal and Substitution of Counsel was delivered via ECF to:

    Russell Cawyer (Bar No. 00793482)
    Paige Briggs (Bar No. 24037810)
    **KELLY HART & HALLMAN**
    201 Main Street, Suite 2500
    Fort Worth, Texas 76102
    (817) 332-2500 (phone)
    (817) 878-9762 (fax)
    *Counsel for Defendant*

        s/Kathy Bailey
        Kathy Bailey