UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HOVANAS; | § | |
| JAMES MACALLA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-0209-B |
| | § | |
| AMERICAN EAGLE AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant American Eagle Airlines, Inc.'s ("American Eagle") Motion to Transfer Venue for the Convenience of Parties and Witnesses (doc. 9) ("Motion") pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the Court **DENIES** the Motion.

### I.

### BACKGROUND

This is an age discrimination case. Plaintiffs James Hovanas ("Hovanas"), a resident of Hood County, Texas, and James Macalla ("Macalla," and together with Hovanas, "Plaintiffs"), a resident of Denton County, Texas, initiated this action on February 2, 2009. (Compl. ¶¶ 5-6.) Plaintiffs allege American Eagle wrongfully terminated them in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Texas Commission on Human Rights Act, TEX. LABOR CODE ANN. § 21.001. (*Id.* at ¶¶ 1, 39-70.)

On March 11, 2009, American Eagle filed the instant Motion, seeking a transfer of this cause

to the Fort Worth Division of the Northern District of Texas. (Def.'s Mot. to Transfer Venue 1.) In support of its Motion, American Eagle maintains that it is headquartered in the Fort Worth Division, all or a substantial part of the events giving rise to this suit occurred in the Fort Worth Division, American Eagle's business records are maintained in the Fort Worth Division, all witnesses American Eagle intends to call reside in the Fort Worth Division, and the only plaintiff residing in the Northern District, Hovanas, actually lives in the Forth Worth Division. (*Id.*) Plaintiffs oppose the transfer, insisting the Dallas Division is the more convenient venue, as American Eagle's headquarters, though physically within the Fort Worth Division, are four miles closer to the federal courthouse in Dallas. (Pl.s' Br. in Opp'n to Def.'s Mot. to Transfer.) American Eagle's Motion being ripe, the Court now moves to the merits of its decision.

## II.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a) a district court may transfer a civil action to another district or division where the action could have been brought originally, provided the transfer would be for "the convenience of parties and witnesses, and in the interest of justice ...." 28 U.S.C. § 1404(a). The burden falls upon the movant to demonstrate why the alternate venue is more appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007) (Boyle, J.). To meet this burden, the movant must first prove that the plaintiff could have originally filed his complaint in the transferee venue. *In re Volkswagen of America, Inc.*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must show good cause as to why the action should be sent to the transferee venue. *In re Volkswagen of America, Inc.*, 545 F.3d at 315 (citing *Humble*

*Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). "[T]o show good cause means the moving party, in order to support its claim for a transfer, must ... clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, and in the interest of justice.'" *In re Volkswagen of America, Inc.*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)).

In assessing the interests of convenience and justice, courts look to a series of private and public factors. *In re Volkswagen of America, Inc.*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen of America, Inc.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen of America, Inc.*, 545 F.3d at 315 (same). The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If the transferee venue "is no more convenient than the chosen [venue], the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008); *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

## III.

## ANALYSIS

American Eagle requests an intra-district division transfer of this case. As set forth *supra*, to obtain the requested relief, American Eagle must initially show that this cause could have been originated in the Fort Worth Division. The parties do not dispute that the Northern District of Texas is a proper venue. Accordingly, American Eagle has satisfied the threshold query because "if venue is proper in one division of a district, then venue is proper in another division within that same district." *Martinez v. City of Fort Worth*, 2003 WL 21289654, at *1 (N.D. Tex. May 28, 2003).[1]

Having concluded this action could have been filed in the Fort Worth Division, the Court now turns to whether granting a transfer would serve the interests of convenience and justice. The Court will first analyze the relevant private interest factors, and subsequently address the proper public interest factors.

A.   *Private Factors*

i.   Access to Sources of Proof

American Eagle insists that transfer is proper because virtually all tangible evidence is located within the Fort Worth Division. (Def.'s Mot. to Transfer Venue 4.) However, as Plaintiffs point

---

[1] 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial *district* where any defendant resides, if all defendants reside in the same State, (2) a judicial *district* in which a substantial part of the events or omissions giving rise to the claim occurred ....

28 U.S.C. § 1391(b) (emphasis added). It is undisputed that a substantial part of the events giving rise to this action took place at American Eagle's headquarters, located in the Fort Worth Division. Accordingly, per the plain language of 28 U.S.C. § 1391, venue is equally proper in the Dallas and Fort Worth divisions, as they are encompassed within the same judicial district.

out, American Eagle's headquarters, while physically within the Fort Worth Division, are approximately four miles closer to the Dallas federal courthouse. *See Doe v. American Airlines, Inc.*, Cause No. 3:03-CV-0745-L, 5 (N.D. Tex. Aug. 31, 2005). Given the proximity of the Dallas Courthouse, it would technically be easier to produce and transfer documents to the Dallas Division over the Fort Worth Division. *Id.* Accordingly, the Court finds this factor to weigh slightly against transfer.

  ii. <u>Availability of Compulsory Process to Secure Attendance of Witnesses</u>

Neither party has identified a single non-party witness to be called who resides outside of the Northern District. All prospective witnesses, therefore, are subject to the subpoena power of this Court. *See* FED. R. CIV. P. 45(b)(2). As such, the Court finds this factor to be neutral.

  iii. <u>Cost of Attendance for Witnesses</u>

American Eagle maintains that many of the witnesses likely to be called reside within the Fort Worth Division. (Def.'s Mot. to Transfer Venue 5-6.) Therefore, the argument goes, cost of their attendance will be unnecessarily inflated should they be required to travel to Dallas. (*Id.*) Once again, however, American Eagle has failed to identify these potential witnesses by name or provide a residential address. As this case involves the alleged wrongful discharge of two former American Eagle employees, it is likely many of these potential witnesses continue to be employed at American Eagle.[2] Because trials are held during standard work hours, many of these witnesses would already be at work in American Eagle's headquarters. *Doe*, Cause No. 3:03-CV-0745-L, 6. As previously explained, American Eagle's headquarters are in truth closer to the Dallas federal

---

[2]Indeed, the only witness identified at this juncture, Allen Hill, is presently employed by American Eagle. (Decl. of Allen Hill ¶ 2.)

courthouse. It would thus be a shorter commute for individuals leaving work at American Eagle to attend trial in the Dallas Division rather than the Forth Worth Division. *Id.* Accordingly, the court finds this factor weighs against transfer.

      iv.      <u>All Other Practical Problems</u>

The Court notes that American Eagle has indicated counsel for both parties are located within the Fort Worth Division. (Def.'s Mot. to Transfer Venue 1.) However, location of counsel is irrelevant and should not be considered by the Court when deciding whether to transfer venue. *In re Horseshoe Entm't*, 337 F.3d at 434; *Calloway*, 2007 WL 4548085, at *3. The Court consequently finds there are no additional practical concerns militating in favor of transfer.

      B.      *Public Factors*

      i.      <u>Administrative Difficulties</u>

American Eagle does not address whether the case at bar would proceed more quickly in either division. Moreover, the number of cases in each division is not determinative of the speed at which the average case moves through the courts. Accordingly, this is not a significant factor in the Court's ultimate decision.

      ii.      <u>Local Interest</u>

American Eagle insists that the Dallas Division has little interest in deciding this case, as American Eagle's headquarters are located within the Fort Worth Division, and all or a substantial part of the events giving rise to this action occurred in the Fort Worth Division. (Def.'s Mot. to Transfer Venue 7.) Plaintiffs offer nothing to refute American Eagle's contentions in this regard. However, given the proximity of the location at which the complained of events unfolded to Dallas, the Court finds this factor only weighs slightly in favor of the transfer.

    iii.    <u>Familiarity with Governing Law and Avoidance of Unnecessary Conflict of Laws</u>

The requested transfer being an intra-district division transfer, the same law applies in both venues. Both venues are therefore equally familiar with governing law, and no conflict of laws exists. The Court accordingly finds this factor to be neutral.

Upon weighing the foregoing factors, the Court finds that the private and public interest factors, on balance, weigh in favor of denying the requested transfer. To be sure, the Forth Worth Division has some local interest in trying this case; however, as the overarching concern of 28 U.S.C. § 1404(a) is the convenience of those attending trial, the Court finds this solitary interest to be outweighed. All other relevant factors weigh in favor of denying transfer thus American Eagle has failed to satisfy its burden of showing the Forth Worth Division to be "clearly more convenient[.]" *In re Volkswagen of America, Inc.*, 545 F.3d at 315.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** American Eagle's Motion to Transfer Venue for the Convenience of Parties and Witnesses (doc. 9).

**SO ORDERED.**

**DATED April 8, 2009**

                              _____
                              JANE J. BOYLE
                              UNITED STATES DISTRICT JUDGE