UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HOVANAS and JAMES MACALLA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-0209-B |
| AMERICAN EAGLE AIRLINES, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss and Brief in Support (doc. 6).  For the

reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 6).

## I.

## BACKGROUND[1]

At issue in this lawsuit are Plaintiffs' claims of age discrimination under the Age

Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act

("TCHRA") against Defendant American Eagle Airlines, Inc. ("American Eagle").  Plaintiff

James Hovanas ("Hovanas") was employed by American Eagle from June 1985 to November

2008 as a pilot, line check airman, and advanced simulator instructor at the American Eagle

---

[1]The Court takes its factual account from Plaintiffs' Original Complaint (doc. 1).  *See Martin K. Eby Constr. Co.. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (stating that in deciding a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are taken as true); *Walker v. Inter-Americas Ins. Corp.*, No. 7:03-CV-222-R, 2004 WL 1620790, at *1 (N.D. Tex. July 19, 2004) (stating that in deciding a motion to dismiss under Rule 12(b)(7), a court must accept all well-pleaded facts as true).

Training Center in Fort Worth, Texas ("Training Center").  (Compl. ¶ 11-12.)   (*Id.*)  Hovanas

turned 60 years of age on December 5, 2007.  (*Id.* at ¶ 15.)

Plaintiff James MacAlla ("MacAlla") was employed by American Eagle from March 1981

to November 2008 as a pilot and instructor.  (*Id.* at ¶ 17.)  MacAlla held various managerial

positions including Director of Flight, Vice President of Flight Operations, and Manager for

Flight Standards.  (*Id.*)   MacAlla turned 60 years of age on June 1, 2007.  (*Id.* at ¶ 26.)

In January 2007, while serving as the Manager of Training and Standards for EMB at the

Training Center, MacAlla witnessed a fellow employee threaten a Training Center student with

a knife.  (*Id.* at ¶ 20.)  MacAlla subsequently participated in an internal investigation regarding

the incident.  (*Id.* at ¶ 21.)  According to MacAlla, his superiors retaliated against him for his

involvement in the investigation by significantly shortening his project deadlines and making his

workload impossibly unmanageable.  (*Id.* at ¶ 22.)  As a result, MacAlla, upon his request, was

removed from his management position and returned to instructor status.  (*Id.* at ¶ 24.)

In May 2008, the Air Line Pilots Association, International local ("ALPA") published an

American Eagle Seniority List ("Seniority List") on its website.  (*Id.* at 27.)  The Seniority List

compiled American Eagle employees by their respective hire dates.  (*Id.* at ¶ 28.)  Its purpose was

to determine seniority related issues such as vacation and leave requests.  (*Id.*)  The Seniority List

did not include Hovanas or MacAlla.  (*Id.* at ¶ 29.)  On June 3, 2008, Hovanas and MacAlla

(the "Plaintiffs") notified ALPA of their absence from the Seniority List, as well as the absence of

three other employees aged over 60 years.  (*Id.* at ¶ 30.)  Eventually, the Plaintiffs submitted a

formal protest letter to American Eagle regarding their exclusion from the Seniority List.  (*Id.* at

¶ 33.)

Subsequently, the Plaintiffs filed a formal grievance with American Eagle under the Collective Bargaining Agreement between American Eagle and ALPA ("CBA").  (*Id.*)  In the grievance, Plaintiffs argue American Eagle's failure to include them on the Seniority List violates Section 20 of the CBA, and its failure to respond to their previously submitted protest letter within ten days constitutes a violation of CBA Section 13.  (*Id.*)  On October 6, 2008, American Eagle notified the Plaintiffs of their grievance's denial.  (*Id.* at ¶ 35.)

On September 15, 2008, American Eagle issued a memorandum to all Instructors and Check Airmen regarding expected displacements within the Training Department.  (*Id.* at ¶ 31.) The Plaintiffs were each notified of their respective displacement on October 14, 2008.  (*Id.* at ¶¶ 34, 36.)  Feeling they had been discriminated against and displaced due to their age, Plaintiffs filed a claim with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at ¶ 37.)  On November 5, 2008, the EEOC issued a right to sue notice.  (*Id.* at ¶ 38.)

The Plaintiffs filed suit against American Eagle on February 2, 2009.  In their Complaint, the Plaintiffs allege they suffered discrimination and/or were terminated due to their age.  (*Id.* at ¶¶ 43-45, 59-62.)  The Plaintiffs further allege they engaged in protected activities that ultimately resulted in their termination.  (*Id.* at ¶¶ 52-54, 65-69.)  The Plaintiffs seek an award of back wages and compensation for all benefits incident to their employment, including pensions and health insurance, and an order directing American Eagle to reinstate their seniority and full benefits rights, or, in the alternative, the Plaintiffs seek front pay, liquidated damages for American Eagle's willful violation of the ADEA, prejudgment interest, and reasonable attorneys' fees and court costs.  (*Id.* at ¶ 71.)

American Eagle filed the instant Motion to Dismiss (doc. 6) on March 11, 2009.

American Eagle seeks to dismiss Plaintiffs' retaliation claims under the ADEA and TCHRA under Federal Rule of Civil Procedure 12(b)(6).  American Eagle additionally seeks to dismiss Plaintiffs' claims in their entirety for failure to join an indispensable party under Rule 12(b)(7).  Having considered the Motion, the parties' respective briefing, and the relevant law, the Court now turns to the merits of its decision.

## II.

### STANDARDS

#### A. Dismissal under Rule 12(b)(6)

Motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are] rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 147 (5th Cir. 1997)(quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 555).  Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim for relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In assessing the merits of a motion to dismiss, courts may consider documents attached to a defendant's motion to dismiss, referenced in the plaintiff's complaint and central to the plaintiff's claim, regardless of whether or not they are actually attached to plaintiff's complaint. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**B. Dismissal under Rule 12(b)(7)**

Federal Rule of Civil Procedure 12(b)(7) provides for the dismissal of a case due to a "failure to join a party under Rule 19." Rule 19 requires a party be joined if the court cannot render complete relief in the party's absence or if disposing of the action in the party's absence might result in an existing party being subject to inconsistent obligations. Fed. R. Civ. P. 19(a)(1). "Determinations as to whether a party is required under Rule 19(a) and indispensable under Rule 19(b) are not mechanical and 'the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar.'" *United States v. Rutherford Oil Co.*, No. G-08-0231, 2009 WL 1351794, at *2 (S.D. Tex. May 13, 2009) (quoting *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994)(citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 (1968))).

If a party required to be joined under Rule 19 cannot feasibly be joined, the court must determine whether the action should proceed among the existing parties or be dismissed. Fed. R. Civ. P. 19(b). The factors a court must consider in making such a determination include "(1)

prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (quoting *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997)); *see also* Fed. R. Civ. P. 19(b).

A court considering a motion to dismiss under Rule 12(b)(7) must accept all well-pleaded allegations in the complaint as true. *Walker v. Inter-Americas Ins. Corp.*, No. 7:03-CV-222-R, 2004 WL 1620790, at *1 (N.D. Tex. July 19, 2004). The moving defendant carries the burden of showing that just adjudication of the cause requires the joinder of a party. *Wingate*, 327 F.3d at 439 n. 11 (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359, at 426).

### C. The Age Discrimination in Employment Act

The ADEA makes it unlawful for an employer to discharge and/or discriminate against an individual because of the individual's age. 29 U.S.C. § 623(a). To establish a *prima facie* claim of discrimination under the ADEA, a plaintiff must show "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class; and (4) he was either (I) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of his age." *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 149 (5th Cir. 1995).

The ADEA further makes it unlawful for an employer "to discriminate against any of his employees or applicants for employment . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). To establish a *prima facie* retaliation claim under the ADEA, a plaintiff must show he was engaged in protected activity, he suffered an adverse employment action, and a causal link existed between the protected activity and the adverse employment action. *Hortzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001).

Notably, in employment discrimination cases, a plaintiff is not required to plead facts related to each of the *prima facie* elements of a claim. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002). Rather, an employment discrimination plaintiff is only required to give a defendant fair notice of what the purported claims are and upon what grounds they rest. *Id.* at 514.

### D. The Texas Commission on Human Rights Act

The TCHRA also makes it unlawful for an employer to discharge and/or discriminate against an individual because of such individual's age. TEX. LAB. CODE § 21.051(1). The TCHRA further provides:

> An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter: (1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in any investigation, proceeding, or hearing.

*Id.* at § 21.055. The requirements for establishing a *prima facie* discrimination or retaliation claim under the TCHRA mirror those of their ADEA counterparts. *See Claymex Brick and Tile, Inc. v Garza*, 216 S.W.3d 33, 35 (Tex. App.–San Antonio 2006, no pet.); *Dias v. Goodman Mfg. Co.*, 214 S.W.3d 672, 676 (Tex.App.–Houston [14th Dist.] 2007, pet. denied).

## III.

## ANALYSIS

American Eagle moves the Court to dismiss Plaintiffs' retaliation claims under Rule 12(b)(6) and to dismiss Plaintiffs' claims in their entirety under Rule 12(b)(7).  Accordingly, the Court will consider each issue in turn.

### A. Dismissal of Plaintiffs' Retaliation Claims under Rule 12(b)(6)

American Eagle contends Plaintiffs' retaliation claims under the ADEA and TCHRA should be dismissed because Plaintiffs did not engage in protected activity as a matter of law. (Def.'s Mot. To Dismiss and Br. In Supp. 2-3.)  American Eagle notes the ADEA and TCHRA protect employees from retaliation for engaging in certain protected activities opposing acts of age discrimination.  (*Id.* at 3 (citing 29 U.S.C. § 623(d); TEX. LAB. CODE § 21.055; *Holt v. JTM Indus.*, 89 F.3d 1224, 1225 (5th Cir. 1996).)  American Eagle emphasizes such protected activities must actually relate to the alleged age discrimination for the protection of the ADEA and TCHRA to apply.  (*Id.* at 3-7.)  American Eagle notes the internal investigation in which MacAlla participated did not pertain to age discrimination.  (*Id.*)  Further, Plaintiffs' grievance did not actively oppose an age discriminatory practice, but rather merely opposed Plaintiffs' exclusion from the Seniority List.  (*Id.* at 4-6.)  As such, American Eagle contends Plaintiffs' activities could not constitute protected activity under the ADEA and TCHRA because such activities did not relate to age discrimination.  (*Id.* at 3-7.)  Thus, because Plaintiffs pleadings have shown MacAlla's participation in the investigation and Plaintiffs' grievance could not possibly constitute protected activities, American Eagle argues Plaintiffs' retaliation claims should be dismissed.  (*Id.* at 2-7.)

Plaintiffs contend they are not required to plead each element of a prima facie claim under the ADEA and TCHRA, but rather they are only required to give adequate notice of the claims they are bringing and the grounds upon which they rest. (Pl.'s Opp'n to Def.'s Mot. To Dismiss and Br. In Supp. 2-3 (citing *Swierkiewicz*, 534 U.S. at 515.) As such, Plaintiffs contend they have met their pleading burden with regard to all claims under the applicable pleading standards. (*Id.*) Further, Plaintiffs contend their actions did constitute protected activity under the ADEA and TCHRA. (*Id.* at 4-8.) The submission of the grievance clearly displayed opposition to the practices of American Eagle and implicitly complained of age discrimination. (*Id.* at 4-5.) Additionally, MacAlla's participation in the internal investigation bolstered his superiors' discriminatory reasons for his termination. (*Id.* at 7-8.) Accordingly, Plaintiffs contend their retaliation claims under the ADEA and TCHRA should not be dismissed. (*Id.* at 2-8.)

The issue before the Court is not whether the Plaintiffs have pleaded their claims with requisite specificity, but rather whether their pleadings have shown, as a matter of law, that Plaintiffs definitively did not engage in protected activity. Such a showing would negate any possible retaliation claim under the ADEA and TCHRA because engagement in protected activity is a required element of a *prima facie* claim under both statutes. *See Hortzclaw*, 255 F.3d at 259; *Dias*, 214 S.W.3d at 676. In looking at the facts alleged by the Plaintiffs, as well as the grievance letter attached to American Eagle's Motion to Dismiss, the Court finds adequate indication the Plaintiffs plausibly could have engaged in protected activity. While the Plaintiffs' grievance letter may not specifically refer to "age discrimination," a strong inference can be drawn from the document that Plaintiffs' were omitted from the Seniority List *due to their age*.

Thus, the grievance letter could plausibly be perceived as opposing an age discriminatory practice.[2]  As such, American Eagle's Motion to Dismiss is **DENIED** to the extent is seeks to dismiss Plaintiffs' retaliation claims under Rule 12(b)(6).

### B. Dismissal of Plaintiffs' claims under Rule 12(b)(7)

American Eagle further contends Plaintiffs' claims should be dismissed in their entirety under Federal Rule of Civil Procedure 12(b)(7) for failure to join ALPA, a necessary and indispensable party under Rule 19.  (Def.'s Mot. To Dismiss and Br. In Supp. 7.)  American Eagle argues complete relief cannot be rendered in ALPA's absence because Plaintiffs seek reinstatement to their former positions with seniority and full benefits rights.  (*Id*. at 8.)  Such issues of reinstatement fall directly within the purview of the CBA.  (*Id*.)  As such, American Eagle contends ALPA's presence in this action is necessary to ensure American Eagle does not incur obligations that are either inconsistent with the CBA or at odds with the rights of other members.  (*Id*. at 8-9.)  Further, American Eagle notes ALPA cannot be joined to this lawsuit as a necessary party because Plaintiffs have not exhausted any administrative remedies with respect to ALPA, a prerequisite to the party's joinder at this juncture.  (*Id*. at 9.)  American Eagle likewise argues Plaintiffs seek relief that cannot be shaped to lessen the effect on ALPA and its affected members, namely reinstatement and retroactive seniority.  (*Id*. at 11.)  Accordingly, Plaintiffs claims should be dismissed in their entirety.  (*Id*.)

Plaintiffs counter that ALPA is not an indispensable party to this action.  (Pl.'s Opp'n to

---

[2]American Eagle seeks to dismiss Plaintiffs' retaliation claims arguing Plaintiffs' pleadings definitively show they did not engage in protected activity.  The Court has found Plaintiffs' submission of a grievance letter provides adequate indication of plausible protected activity to survive a motion to dismiss. Accordingly, it is unnecessary for the Court to reach a finding as to whether MacAlla's involvement in the internal investigation constituted protected activity.

Def.'s Mot. To Dismiss and Br. In Supp. 8.)  Plaintiffs note reinstatement is only sought as an alternative relief.  (*Id*. at 9.)  Complete relief can be rendered through an award of monetary damages.  (*Id*.)  Further, even if it is ordered Plaintiffs be reinstated to their previous positions, ALPA and its members will not be affected because an individual's seniority level is unique to their specific level of experience.  (*Id*. at 11.)

The Court recognizes Plaintiffs' claims can only be dismissed under Rule 12(b)(7) if ALPA is found to be a necessary party under Rule 19.  However, labor unions are often not considered necessary parties to actions involving age discrimination allegations.  *See Le Beau v. Libbey-Owens-Ford Co.*, 484 F.2d 798, 801 (7th Cir. 1973)(holding a union did not need to be joined to an action involving age discrimination as complete relief could be rendered through money damages and any injunctive relief necessary); *Potter v. Cont'l Trailways, Inc.*, 480 F. Supp. 207, 212-13 (D. Colo. 1979)(finding because union members could have no vested rights in seniority positions based on illegal exclusions, the union could not have an interest in protecting such seniority rights); *Boczon v. Nw. Elevator Co., Inc.*, 652 F. Supp. 1482, 1487 (E.D. Wis. 1987).  Further, because Plaintiffs' seek reinstatement in the alternative, complete relief could be rendered through an award of monetary damages in ALPA's absence.  Finally, even if reinstatement were granted, ALPA could not possibly have an interest or obligation to maintain a discriminatory and illegal Seniority List practice.  Thus, ordering reinstatement would not be subject American Eagle to inconsistent obligations.  Accordingly, the Court finds ALPA is not a necessary party under Rule 19 and American Eagle's Motion to Dismiss should be **DENIED** to the extent it seeks to dismiss Plaintiffs' claims under Rule 12(b)(7).

IV.

CONCLUSION

The Court finds Plaintiffs have adequately shown a plausible instance of protected activity.  As such, the Court finds American Eagle's Motion to Dismiss should be **DENIED** to the extent it seeks to dismiss Plaintiffs' claims under Rule 12(b)(6).  The Court further finds ALPA is not a necessary party to this action.  As such, the Court finds American Eagle's Motion to Dismiss should be **DENIED** to the extent it seeks to dismiss Plaintiffs' claims under Rule 12(b)(7).  Accordingly, the Court **DENIES** (doc. 6) American Eagle's Motion to Dismiss in its entirety.

SO ORDERED.

DATED December 8, 2009

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE