UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HOVANAS and JAMES MACALLA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-0209-B |
| AMERICAN EAGLE AIRLINES, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Objections To and Motion to Strike Portions of Plaintiff James MacAlla's Summary Judgment Evidence and Unsupported Statement of Facts In Response (doc. 52). For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED in part** and **DENIED in part** (doc. 52).

### I.

### BACKGROUND

This action arises out of Plaintiff James Hovanas and James MacAlla's ("Plaintiffs") employment with Defendant American Eagle Airlines, Inc. ("American Eagle"). On February 2, 2009, Plaintiffs filed suit against American Eagle asserting claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Commission on Human Rights Act ("TCHRA"). (*See generally* Compl.)

On January 22, 2010, American Eagle moved for summary judgment on all of Plaintiff James MacAlla's ("MacAlla") claims. (*See generally* American Eagle Airlines, Inc.'s Mot. For Summ. J. On

- 1 -

All Of Pl. James MacAlla's Claims.)  On February 12, 2010, MacAlla accordingly filed his Response

in Opposition to Defendant's Motion for Summary Judgment ("MacAlla's Response").  (*See generally*

Pl. James MacAlla's Resp. in Opp'n to Def.'s Mot. For Summ. J.)  Subsequently, American Eagle

filed the instant Objections to and Motion to Strike Portions of Plaintiff James MacAlla's Summary

Judgment Evidence and Unsupported Statement of Facts In Response (doc. 52).  Having considered

the parties briefing as to these objections, the Court turns to the merits of its decision.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides summary judgment is appropriate "when the

pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

In determining whether such an issue of material fact exists, a court may only consider evidence that

would be admissible at trial.  *Joe Regueira, Inc. v. Am. Distilling Co.*, 642 F.2d 826, 829 (5th Cir.

1981); *see* Fed. R. Civ. P. 56(e).  Further, any affidavit considered must be made on personal

knowledge, contain only facts that would be admissible in evidence, and show that the affiant is

competent to testify on the matters stated.  Fed. R. Civ. P. 56(e).  "Statements made on information

and belief do not constitute proper summary judgment evidence."  *de la O v. Housing Auth. of City*

*of El Paso, Texas*, 417 F.3d 495, 501 (5th Cir. 2005).

## III.

## ANALYSIS

American Eagle has asserted objections to portions of MacAlla's Declaration, portions of

MacAlla's Statement of Facts, and portions of the arguments contained in MacAlla's Response.  The Court will address each set of objections in turn.[1]

## A. MacAlla's Declaration

American Eagle initially objects to MacAlla's Declaration in its entirety for failure to show it is based upon personal knowledge.  (Def.'s Objections To and Mot. To Strike Portions of Pl. James MacAlla's Summ. J. Evidence and Unsupported Statement of Facts in Resp. and Br. In Supp. ("Def.'s Objections") 2.)  MacAlla counters that, while his declaration does not explicitly state it was based on personal knowledge, MacAlla's personal knowledge of the matters asserted can be inferred from his extensive experience as an American Eagle employee.  (Pl. James MacAlla's Opp'n to Def.'s Objections and Mot. To Strike Portions of Pl.'s Summ. J. Evidence and Br. In Supp. ("MacAlla's Opp'n to Def.'s Objections") 2-3.)   While Rule 56 requires that summary judgment affidavits be based on personal knowledge, there are no "magic words" required to satisfy such requirement. *DIRECTV v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005).  An affiant's personal knowledge may be reasonably inferred from the "nature of their participation in the matters to which they swore." *Id.*  MacAlla has served as an employee of American Eagle for a number of years.  As such, it can be reasonably inferred he possesses personal knowledge of his own experience as an American Eagle employee.  Accordingly, to the extent American Eagle moves to strike MacAlla's declaration in its entirety, the Motion is **DENIED**.

---

[1] The Court notes MacAlla has attached three new exhibits to his Response to American Eagle's objections.  (*See* Pl. James MacAlla's Opp'n to Def.'s Objections and Mot. To Strike Portions of Pl.'s Summ. J. Evidence and Br. In Supp. Exs. A-C.)  However, according to Northern District Local Rule 56.7, a party may not file supplemental pleadings, briefs, authorities or evidence without leave of Court.  No such leave has been granted for these supplemental materials.  As such, the Court **ORDERS** they be **STRICKEN** from the record.  The Court has not considered these supplemental materials in ruling on American Eagle's objections.

American Eagle additionally makes several objections to specific portions of MacAlla's Declaration.  First, American Eagle objects to paragraph 11's assertion that MacAlla was overloaded with work and given impossible deadlines as being vague and conclusory.  (Def.'s Objections 3.) MacAlla contends the statements made in paragraph 11 are based on his personal knowledge of his work environment.  (MacAlla's Opp'n to Def.'s Objections 3.)  The Court finds the statements in paragraph 11 are MacAlla's own description of his work environment and are not overly conclusory or vague.  As such, to the extent American Eagle moves to strike paragraph 11 of MacAlla's declaration, the Motion is **DENIED**.

American Eagle additionally objects to paragraph 12's assertion that MacAlla resigned from his position as Manager of the Embraer program because of Allen Hill's retaliatory treatment.  (*Id.* at 3 (citing *BLS Joint Venture v. Bank Home Sav. Assoc.*, 985 F.2d 556 (5th Cir. 1993).)  American Eagle contends this statement directly contradicts with MacAlla's prior deposition testimony and thus violates the "sham affidavit rule."  (*Id.*)  MacAlla, on the other hand, contends the statements in paragraph 12 do not contradict his prior deposition testimony.  (MacAlla's Opp'n to Def.'s Objections 3.)  Under the "sham affidavit rule," a party cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his prior testimony.  *Albertson v. T.J. Stevenson & Co*, 749 F.2d 223, 228 (5th Cir. 1984).  In his previous deposition testimony, MacAlla stated the only reasons he left his manager position were to earn more money, have more time off, and "to get out of the firestorm of the office."  (*See* Def.'s Objections at Ex. A.)  A reasonable person could infer that "the firestorm of the office" was meant as a reference to any retaliatory behavior on the part of Hill.  As such, the Court finds MacAlla's

declaration does not contradict his prior deposition testimony. To the extent American Eagle moves to strike paragraph 12 of MacAlla's declaration, the Motion is **DENIED**.

American Eagle additionally objects to paragraph 34 in which MacAlla states the 2008 displacements were conducted in a different manner than when he was manager. (*Id.* at 3-4.) American Eagle notes MacAlla admitted in previous deposition testimony to having no personal knowledge of the process by which he was selected for displacement. (*Id.* at 4.) Further, American Eagle contends MacAlla testified the criteria he utilized in making displacements were identical to those used in the 2008 displacements. (*Id.*) MacAlla contends he has acquired personal knowledge of the criteria used in the 2008 displacements by reviewing the discovery and pleading materials on record in this action. (MacAlla's Opp'n to Def.'s Objections 3-4.) MacAlla further contends he did not indicate the criteria previously used was identical to the criteria used in the 2008 displacements because he noted the order of consideration of the criteria elements differed. (*Id.*) The Court preliminarily notes a party cannot acquire first-hand personal knowledge of a matter through review of discovery and pleadings. *See Estremera v. United States*, 442 F.3d 580, 584 (7th Cir. 2006); Fed. R. Civ. P. 56(e). However, even if MacAlla were to possess personal knowledge of such methods aside from his review of the discovery in this case, he has still not offered any explanation for the contradiction between this fact and his previous deposition testimony stating he had no such personal knowledge. Accordingly, under the sham affidavit rule, the Court will not consider the assertions of paragraph 34. To the extent American Eagle moves to strike paragraph 34 of MacAlla's declaration, the Motion is **GRANTED**.

Finally, American Eagle objections to paragraphs 42 and 43 in which MacAlla contends he "learned" another employee in a different program was displaced in a similar manner and that when

the Saab program was dismantled, the incumbents from that program gravitated to the ATR program. (Def.'s Objections 4-5.) American Eagle contends these statements are conclusory, lack foundation, and constitute hearsay. (*Id.*) MacAlla contends such statements are not conclusory and/or lacking foundation because MacAlla directly discussed such matters with the third displaced employee, Gerard Davet. (MacAlla's Opp'n to Def.'s Objections 5.) Further, MacAlla argues Davet's statements do not qualify as hearsay because they are admissions by a party opponent. (*Id.*) Federal Rule of Evidence 801(d)(2) provides a statement is not hearsay if it is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." MacAlla has provided no evidence Davet's statement was made during his employment with American Eagle, nor that it was made within the scope of Davet's employment. As such, the Court finds such statements constitute hearsay and are inadmissible for summary judgment purposes. To the extent American Eagle moves to strike paragraphs 42 and 43 of MacAlla's declaration, the Motion is **GRANTED**.

### B. MacAlla's Statement of Facts

American Eagle objects to multiple statements of fact contained in MacAlla's Response. First, American Eagle objects to MacAlla's Statements of Material Fact Nos. 47 and 49 in which MacAlla contends the criteria used for the November 2008 displacement was different that the criteria utilized in previous displacements. (Def.'s Objections 5.) The Court has previously analyzed this issue in regard to paragraph 34 of MacAlla's Declaration. Thus, to the extent American Eagle moves to strike MacAlla's Statement of Material Fact Nos. 47 and 49, the Motion is **GRANTED**.

American Eagle additionally objects to MacAlla's Statement of Material Fact No. 48 in which MacAlla claims "the method of saving Check Airmen with certain qualifications then labeling

other Check Airmen with 'positive merit' allowed [American Eagle] to displace [MacAlla]." (Def.'s Objections 6.) American Eagle argues this statement is unsupported. (*Id.*) MacAlla argues this is merely a restatement of American Eagle's own argument and statement of facts. (MacAlla's Opp'n to Def.'s Objections 6.) In American Eagle's Brief in Support of Its Motion for Summary Judgment, it describes a process by which certain employees were selected for displacement. (*See* Def. American Eagle Airlines, Inc.'s Br. In Supp. Of Its Mot. For Summ. J. On All of Pl. James MacAlla's Claims 9-13.) This process generally involved identifying employees with certain qualifications and determining the merit of others. (*Id.*) The Court finds MacAlla's Statement of Material Fact No. 48 provides a fair representation of those arguments and facts advance in American Eagle's briefing. To the extent American Eagle objects to MacAlla's Statement of Material Fact No. 48, the Motion is **DENIED**.

American Eagle objects to MacAlla's Statement of Material Fact No. 55 in which he claims certain positions in another division were created for three other individuals who would have been displaced, in violation of the Collective Bargaining Agreement and American Eagle policy. (Def.'s Objections 6.) American Eagle argues there is no evidence in the summary judgment record supporting this assertion. (*Id.* at 6-7.) MacAlla contends support for this statement can be found in MacAlla's declaration, American Eagle's Amended Response to Plaintiff's First Request for Admission and Kevin Cope's deposition. (MacAlla's Opp'n to Def.'s Ojbections 6-7.) The Court has previously held paragraph 43 of MacAlla's Declaration, which pertains to the placement of three individuals in a different program, must be stricken. Additionally, the Court finds the other two sources cited by MacAlla as supporting this assertion do not provide sufficient support for the statement made. As such, the Court finds no basis in the summary judgment record for the

- 7 -

statement.  To the extent American Eagle objects to MacAlla's Statement of Material Fact No. 55, the Motion is **GRANTED**.

American Eagle objects to MacAlla's Statement of Material Fact No. 58 in which he claims consultants identified the high number of senior level employees as one reason limiting American Eagle's competitiveness as inadmissible hearsay.  (Def.'s Objections 7.)  MacAlla contends this statement is based on the deposition testimony of Jim Winkley, Vice President of American Eagle's Flight Operations, discussing a presentation made by a third-party consultant, Bain & Company, to American Eagle Management.  (MacAlla's Opp'n to Def.'s Objections 7.)  MacAlla contends Winkley's statement does not constitute hearsay because it qualifies as an admission by a party-opponent.  (*Id.*)  Further, any statements made by Bain & Company do not constitute hearsay because they are not being offered for the truth of the matter asserted.  (*Id.*)  As previously noted by the Court, Federal Rule of Evidence 801(d)(2) provides a statement is not hearsay if it is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."  It appears Winkley's statement was made during the course of his employment with American Eagle and within the scope of his employment.  As such, Winkley's statement constitutes an admission by a party-opponent and is not hearsay.  Further, MacAlla is not attempting to offer the statements made by Bain & Company to prove that more senior level employees actually do limit American Eagle's competitiveness, but rather to show American Eagle's motivation for a change in policy.  As such, the statements of Bain & Company are not offered for the truth of the matter asserted and do not constitute hearsay.  To the extent American Eagle objects to MacAlla's Statement of Material Fact No. 58, the Motion is **DENIED**.

Finally, American Eagle objects to MacAlla's Statement of Material Fact No. 59 in which he claims employees with the most seniority are generally the oldest.  (Def.'s Objections 7.) American Eagle contends the Seniority List cited to support this proposition is not included in the summary judgment record and constitutes hearsay.  (*Id*.)  MacAlla notes the Seniority List was not included with his summary judgment evidence because it contains confidential birth dates. (MacAlla's Opp'n to Def.'s Objections 7.)  However, MacAlla contends the Seniority List falls under the business records exception to the hearsay rule.  (*Id*.)  Federal Rule of Evidence 803(6) provides the hearsay rule does not apply to memoranda, records, reports, or data compilations "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, as shown by the testimony of the custodian or other qualified witness . . . ."  The Court finds it problematic MacAlla is attempting to base his assertion on a piece of evidence not submitted with the summary judgment record.  However, the Court finds that even if the Seniority List were part of the record, MacAlla has failed to adequately show it qualifies under the business records exception to the hearsay rule. Specifically, MacAlla has failed to provide the testimony of a custodian or other qualified witness attesting to the fact the list was kept and made in the regular course of business.  As such, the Court finds the Seniority List would constitute inadmissible hearsay.  To the extent American Eagle objects to MacAlla's Statement of Material Fact No. 59, the Motion is **GRANTED**.

### C. MacAlla's Arguments

American Eagle moves to strike certain arguments advanced in MacAlla's Response as unsupported by the summary judgment record.  First, American Eagle objects to MacAlla's claims that the American Eagle employees retained were less qualified than MacAlla.  (Def.'s Objections

7.)  American Eagle contends MacAlla provides no support for this assertion.  (*Id.*)  MacAlla contends this argument is supported by an American Eagle chart listing the relative instructor qualification dates of the American Eagle instructors.  (MacAlla's Opp'n to Def.'s Objections 8.) In reviewing the qualifications chart evidence submitted by MacAlla, the Court finds it provides sufficient support for MacAlla's claims.  A relative comparison of each instructor's qualifications could be rendered through a determination of when they received their various qualifications.  As such, to the extent American Eagle objects to MacAlla's claims the employees retained were less qualified, the Motion is **DENIED**.

American Eagle additionally moves to strike MacAlla's claims that American Eagle had a financial motive for eliminating older pilots.  (Def.'s Objections 8.)  MacAlla contends this is a logical argument emanating from the fact American Eagle was told by Bain & Company the seniority of American Eagle's pilots detracted from American Eagle's industry competitiveness.  (MacAlla's Opp'n to Def.'s Objections 9.)  The Court has previously determined the statements of American Eagle executive Jim Winkley regarding the presentation by Bain & Company should not be excluded under the hearsay rule.  The Court further finds these statements provide adequate support for MacAlla's argument regarding American Eagle's financial motive for eliminating older pilots.[2]  To the extent American Eagle objects to MacAlla's claims American Eagle had a financial motive for eliminating older pilots, the Motion is **DENIED**.[3]

---

[2]Specifically, Winkley's reference to the identification of American Eagle's "longevity with its employees" as being an issue gives rise to an inference that such longevity would necessarily implicate older American Eagle employees.  (*See* App. To Pl. James MacAlla's Br. In Supp. Of His Resp. In Opp'n to Def.'s Mot. For Summ. J. 44-47.)

[3] As part of its holding on this point, the Court finds MacAlla's statement that "Eagle concluded it needed to eliminate higher-paid employees, who happen to be the oldest employees" is adequately supported as well.  To the extent American Eagle moves to strike this statement, the Motion is **DENIED**.

Finally, American Eagle objects to MacAlla's statement that "[American Eagle] made it clear that it did not want over age sixty pilots to return to flying in revenue service, although other airlines did allow older pilots to return." (Def.'s Objections 8.)  American Eagle argues this statement is not supported by any summary judgment evidence.  (*Id.*)  The Court agrees and finds MacAlla's statement is not supported by anything in the summary judgment record.[4]  To the extent American Eagle objects to MacAlla's statement regarding age sixty pilots returning to flying in revenue service, the Motion is **GRANTED**.

## IV.

## CONCLUSION

American Eagle has filed a number of objections to MacAlla's summary judgment evidence and briefing.  To the extent American Eagle objects to MacAlla's Declaration in whole and paragraphs 11 and 12 of MacAlla's Declaration, the Motion is **DENIED**.  However, to the extent American Eagle objects to paragraphs 34, 42 and 43 of MacAlla's Declaration, the Motion is **GRANTED**.  Accordingly, the Court **ORDERS** paragraphs 34, 42 and 43 of MacAlla's declaration be **STRICKEN**.

Further, to the extent American Eagle objects to MacAlla's Statement of Material Fact Nos. 48 and 58, the Motion is **DENIED**.  However, to the extent American Eagle objects to MacAlla's Statement of Material Fact Nos. 47, 49, 55, and 59, the Motion is **GRANTED**.  Accordingly, the Court **ORDERS** Statement of Material Fact Nos. 47, 49, 55, and 59 be **STRICKEN**.

---

[4]MacAlla attempts to offer the additional deposition testimony of Allen Hill to support this contention.  (MacAlla's Opp'n to Def.'s Objections 9.)  As previously indicated, the Court will not consider any of MacAlla's supplemental summary judgment evidence offered without leave of Court.

Finally, to the extent American Eagle objects to MacAlla's claims the individuals retained by American Eagle were less qualified than him and that American Eagle had a financial motive for eliminating older pilots, the Motion is **DENIED**.  However, to the extent American Eagle objects to MacAlla's claim that American Eagle did not want over age 60 pilots returning to flying in the revenue service, the Motion is **GRANTED**.  The Court hereby **ORDERS** all such claims be **STRICKEN**.

SO ORDERED.

DATED May 18, 2010

 

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE